IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| NORMAN SHELTON,<br><br>    Plaintiff<br><br>vs.<br><br>PA BOARD OF PROBATION & PAROLE,<br>SUPERINTENDENT SCI ALBION,<br><br>    Defendants | 1:22-CV-00287-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM OPINION AND ORDER<br>ON PETITION FOR WRIT OF HABEAS<br>CORPUS<br><br>IN RE: ECF NO. 5 |

    Norman N. Shelton ("Shelton" or "Petitioner") has filed a petition, pro se, seeking a writ of habeas corpus under 28 U.S.C. § 2254. *See* ECF No. 5. The Respondents have filed a response contending that the petition is a second or successive petition and as such, should be dismissed. *See* ECF No. 13. Shelton filed a reply. ECF No. 16. Petitioner and Respondent have consented to the jurisdiction of a United States Magistrate Judge in these proceedings, including entry of a final order. *See* ECF Nos. 11, 17. Upon review, Shelton's petition will be dismissed.

    Shelton, an inmate in the custody of the Pennsylvania Department of Corrections, is currently incarcerated at the State Correctional Institution at Albion. His habeas petition was docketed on January 4, 2023. *See* ECF Nos. 4, 5. As grounds for relief, he contends that the Pennsylvania Board of Probation and Parole "abuse[d the] separation of power doctrine" when they recalculated his release date. ECF No. 5, p. 4, ¶ 6.

1

Prior to this filing, Shelton filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. *See Shelton v. Bd. of Probation & Parole*, Case No. 2:22-cv-01780 (Philadelphia) (petition filed on May 5, 2022). There, Shelton also challenged the Pennsylvania Board of Probation and Parole's recalculation of his sentence. *See id.*, ECF No. 1, p. 5 ("… the PBPP has violated the separation of powers doctrine by interfering or recalculating the finality of the original sentence courts."). A Report and Recommendation was submitted in that case on September 16, 2022, which recommended that Shelton's petition be dismissed because it was untimely or, in the alternative, because he failed to raise any issues which were cognizable in federal habeas proceedings. *Id.*, ECF No. 16, pp. 5-10 (Reid, U.S.M.J.). Shelton filed objections on September 30, 2022. *Id.*, ECF No. 18. The matter remains pending in that Court. As discussed below, this Court must dismiss the instant petition because it is an unauthorized second or successive petition which this Court lacks jurisdiction to consider.[1]

28 U.S.C. § 2244(b) prohibits "second or successive" habeas petitions unless the petitioner has been granted leave to file such petition by the applicable court of appeals. 28 U.S.C. § 2244(b)(3)(A). If a habeas petition is deemed " 'second or successive' within the meaning of 28 U.S.C. § 2244(b)," district courts are deprived of subject matter jurisdiction to hear that petition without authorization from the appropriate court of appeals. *Benchoff v. Colleran*, 404 F.3d 812, 815 (3d Cir. 2005). This jurisdictional bar applies in cases like this one, where a petitioner files a parallel habeas petition while another petition is pending. *Dupree v. Wetzel*, No. CV 21-1944, 2021 WL 6051572, at *1 (E.D. Pa. Dec. 20, 2021) (citing *Benchoff*,

---

[1] The Court has an independent obligation to make the threshold determination that it has jurisdiction to consider this case. *See, e.g., Harris v. Armel*, 2023 WL 2139888, at *3, n.3 (W.D. Pa. Feb. 21, 2023).

404 F.3d at 820-21 (holding that a habeas petition filed while another habeas petition from the same petitioner was pending before the district court would be considered "second or successive" where the second petition raised no claims that could not have been asserted in the first petition).

Here, there is no question that the petition filed in this Court at docket number 1:22-cv-287 is "second or successive" to the petition Shelton filed in the Eastern District of Pennsylvania and that Shelton requires authorization from the Court of Appeals for the Third Circuit in order to litigate it. *See, e.g., Taylor v. Atty. Gen. of Delaware*, 2022 WL 15399123, at *1 (3d Cir. Oct. 6, 2022) (citing 28 U.S.C. § 2255(h) ("To bring a second or successive § 2254 petition, a petitioner must obtain permission from the court of appeals.")). As noted above, in the instant Petition, Shelton challenges the Board's recalculation of his sentence, as he has done in his other petition. Put another way, the petitions filed in the Eastern and Western Districts raise the same core argument: that the Parole Board erroneously calculated his maximum sentence in violation of the "separation of powers." *See, e.g., Dupree*, 2021 WL 6051572, at *2. Accordingly, this Court lacks subject-matter jurisdiction to hear the merits of this case, and Shelton's petition will be dismissed as an improper second or successive petition. An order follows.[2]

---

[2] And in any event, even if this Court did have subject matter jurisdiction over the instant Petition, as Judge Rufe noted in *Dupree*, "it would nevertheless be proper to proceed only with the Eastern District petition under the first-filed case rule. In such a circumstance, the [Western District] Petition would either be dismissed under the first-filed case rule as "truly duplicative," stayed pending a decision on the EDPA Petition, or consolidated with the EDPA Petition pursuant to Federal Rule of Civil Procedure 42." *Dupree* v. Wetzel, 2021 WL 6051572, at *2 n.14 (citing *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220–21 (3d Cir. 2016)).

# O R D E R

Upon review and consideration of the Petition for Writ of Habeas Corpus filed by Petitioner Norman Shelton, the Petition is hereby **DISMISSED** for a lack of jurisdiction as a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A).

## A CERTICATE OF APPEALABILITY IS DENIED

A Certificate of Appealability is denied. *See* 28 U.S.C. § 2253(c). Jurists of reason would agree without debate that the instant Petition is an unauthorized second or successive habeas petition that this Court lacks jurisdiction to entertain. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam). *See also Anthony v. Pennsylvania*, 2023 WL 2974537, at *4 (W.D. Pa. Apr. 17, 2023).

DATED this 18th day of May, 2023.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE